IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Adrian Alex, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER COMPELLING** |
| vs. | ) | **DOCUMENTS FOR IN CAMERA** |
| | ) | **REVIEW** |
| Timothy Schuetzle, Warden, | ) | |
| North Dakota State Penitentiary | ) | Case No.   1:05-cv-113 |
| | ) | |
| Respondent. | ) | |

On November 19, 2004, Alex received a copy of an incident report that charged him with threatening another inmate, an A-42 infraction, on November 17, 2004. See Respondent's Motion to Dismiss, Ex. 3. According to the incident report, which Unit Manager Jean Sullivan had prepared following an investigation, Alex had threatened a fellow inmate, that is, he had told the inmate "they were going to jump him." See id. Notably, the report did not identify the threatened inmate by name.[1]

On November 22, 2004, the NDSP's Disciplinary Adjustment Committee (hereinafter referred to as the "Committee") convened a hearing on the matter. See Respondent's Motion to Dismiss, Ex. 4. It subsequently determined "there was enough evidence within the confidential information and the staff supplemental information that [the incident report] should be reheard as an A-27 for gang related activities." Respondent's Motion to Dismiss, Ex. 4. It directed that "the report . . . be returned to Unit Manager Jean Sullivan to be re-written as an A-27." Id. Thereafter the incident report was revised per the Committee's directive to state that Alex had delivered the

---

[1] In his Motion to Dismiss, Respondent indicated that the individual threatened by Alex was an inmate informant. See Respondent's Motion to Dismiss, p. 7.

1

aforementioned threat at the direction of two other inmates.  See id.; see also Respondent's Motion to Dismiss, Ex. 5. In addition, the infraction was re-coded as an A-27, the possession and/or practice of any gang-related paraphernalia or activities.  See Respondent's Motion to Dismiss, Ex. 5.

On November 29, 2004, the Committee reconvened to address the revised incident report. See Respondent's Motion to Dismiss, Ex. 6.  Alex chose not to appear.  See Respondent's Motion to Dismiss, Exs. 5 and 6.  The Committee proceeded without him and, relying on the revised incident report, an investigative report, and purported admissions Alex made to Lt. Tom Radanz that he was the leader of a group calling itself the "Native Nation," concluded that Alex had committed the infraction as charged in the revised incident report.  See Respondent's Motion to Dismiss, Ex. 6. It recommended that Alex lose one month of good time and receive fifteen days of disciplinary detention.  Its recommendation was swiftly approved by the Warden.  See id.

Alex appealed the Warden's decision.  See Respondent's Motion to Dismiss, Ex. 8.  The Warden denied the appeal on December 14, 2004, prompting Alex to file an appeal with Elaine Little, the Director of the Department of Corrections and Rehabilitation, the following day.  See Respondent's Motion to Dismiss, Exs. 8 and 9.  His appeal was unsuccessful, however; Director Little advised Alex in a letter dated January 24, 2005, that she was denying his appeal.  See Respondent's Motion to Dismiss, Ex. 10.  He next filed a petition for habeas corpus relief in Burleigh County District Court pursuant N.D.C.C. ch. 32-22. See Respondent's Motion to Dismiss, Ex. 11.  The Respondent subsequently filed an answer as well as a motion to dismiss, which the district court granted on June 21, 2005.  See Respondent's Motion to Dismiss, Exs. 13-15. Undaunted, Alex filed a motion for reconsideration, which the district court denied on July 20, 2005. See Respondent's Motion to Dismiss, Exs. 15A and 15C.

On October 31, 2005, Alex filed a Petition Under 28 U.S.C. § 2254 alleging, *inter alia*, that he was denied his due process rights on account of the fact that he was not given access to the confidential information that was referenced in the initial incident report and relied upon the Committee when ordering that the report be revised.  The court desires to conduct an *in camera* review of these confidential materials.  See Espinoza v. Peterson, 283 F.3d 949, 951 (8th Cir. 2002).

It is therefore **ORDERED** that Respondent submit unedited copies of the aforementioned confidential information for an *in camera* inspection. These documents can be submitted directly to the magistrate's or clerk's office in a envelop marked confidential.  The documents need not be sent to Alex.  The documents will be sealed and reviewed only by the court.

It is further **ORDERED** that Alex has until April 26, 2006, to file a response to the Respondent's Motion to Dismiss.  In the event that Alex does not file a response to the motion by April 26, 2006, then the undersigned may rely upon copies of Alex's filings in state court which the Respondent has included as exhibits to his Motion to Dismiss.

Dated this 12th day of April, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge